Che Orion, OSB 205957
corion@oregonlawcenter.org
Tel: (503) 676-5415
David Henretty, OSB 031870
Tel: (503) 473-8684
Ed Johnson, OSB 965737
OREGON LAW CENTER
230 NE 2nd Ave., Suite F
Hillsboro, OR 97124
Fax: (503) 640-9634

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DAYNA DETHLEFS**, <br><br>                     Plaintiff, <br><br>    v. <br><br> **AQUILEO AGUILAR, LINDO MICHOACAN LLC, GRANDE EVENTS LLC, J & H ENTERPRISES** <br><br>               Defendants. | Case No. <br><br> **COMPLAINT** <br><br> Oregon Wage Statutes (ORS 653.261, 652.140), Fair Labor Standards Act (29 U.S.C. § 207), Fraudulent Filing of Information Returns (26 U.S.C. § 7434), Breach of Contract <br><br> JURY TRIAL DEMANDED |

## I. INTRODUCTION

1.

Plaintiff Dayna Dethlefs worked as a personal assistant to Defendant Aquileo Aguilar, and his companies Grande Events LLC, Lindo Michoacan LLC, and J & H Enterprises.

2.

Defendants paid Ms. Dethlefs in cash at her regular rate of pay for the overtime hours that she worked. Defendants illegally deducted money from her paycheck for meal periods that

Page 1 - **COMPLAINT**

she did not take. Defendants willfully issued fraudulent Internal Revenue Service form W-2s, that misrepresented the amount that Ms. Dethlefs had earned.

3.

Ms. Dethlefs seeks payment of her unpaid overtime and contract wages, liquidated damages pursuant to the Fair Labor Standards Act, penalty wages under Oregon wage law, and statutory damages for Defendants' fraudulent filing of information returns.

## II. JURISDICTION AND VENUE

4.

This Court has jurisdiction over Plaintiff's claim for unpaid wages pursuant to 29 U.S.C. § 207 because that claim arises under a federal statute, the Fair Labor Standards Act.

5.

This Court has jurisdiction over Plaintiff's claim for fraudulent filing of information returns pursuant to 26 U.S.C. § 7434 because that claim arises under a federal statute, the Internal Revenue Code.

6.

This court has supplemental jurisdiction over plaintiff's Oregon state law claims pursuant to 28 U.S.C. § 1367 because all claims asserted in this action are part of the same case or controversy.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in the district.

## III. PARTIES

8.

Plaintiff Dayna Dethlefs is an individual who resides in  Oregon.

///

Page 2 -  **COMPLAINT**

9.

Defendant Aquileo Aguilar is an individual and at all relevant times was listed as the owner and registered agent for Grande Events with the Oregon Secretary of State. Defendant Aguilar supervised and managed Ms. Dethlefs's employment at Grande Events LLC, J & H Enterprises, and Lindo Michoacan LLC.

10.

Defendant Grande Events LLC is a domestic limited liability company registered to Aquileo Aguilar with its principal place of business at 1603 N Adair Street., Cornelius, OR 97113.

11.

J & H Enterprises LLC is a domestic limited liability company registered to Hortencia Zepeda with its principal place of business at 446 Baseline Street, Hillsboro, OR 97124.

12.

Lindo Michoacan LLC is a domestic limited liability company registered to Julian Aguilar-Gutierez with its principal place of business at 1927/1931 Main St., Forest Grove, OR 97116.

## IV. FACTUAL ALLEGATIONS

13.

Defendants employed Ms. Dethlefs as a personal assistant from approximately 2018 to approximately September 2024. Defendants employed Ms. Dethlefs on a full-time basis beginning in approximately January 2022.

14.

During the course of her employment, Ms. Dethlefs periodically worked in excess of forty hours in a workweek.

Page 3 - **COMPLAINT**

15.

Ms. Dethlefs's regular rate of pay during this period started at $12.00 per hour and ended at $17.00 per hour.

**FIRST CLAIM FOR RELIEF**

**(Failure to pay weekly overtime – ORS 653.261)**

16.

From 2022 to September 2024, Defendants paid Ms. Dethlefs her wages for overtime work in cash at her regular rate of pay. Defendants paid Ms. Dethlefs her wages by  check for most of the non-overtime hours that she worked.

17.

For the period between January 24, 2023 through September 5, 2024, Ms. Dethlefs worked an average of 36 hours per week. However, Ms. Dethlefs sometimes worked more than 40 hours per week. When Ms. Dethlefs worked overtime during this period, Defendants paid her in cash for overtime hours not listed on her paystubs at her regular rate of pay, between $15 and $17 per hour. Defendants should have paid Ms. Dethlefs overtime rates between $22.50 per hour and $25.50 per hour for hours in excess of 40 hours per week. Ms. Dethlefs worked approximately 3,078 hours during this period, including approximately 226 overtime hours. Defendants paid Ms. Dethlefs by cash for all of those overtime hours at her regular rate of pay rather than her overtime rate. For the period between January 23, 2023 through September 5, 2024, Defendants owes Ms. Dethlefs $1,762.25 in unpaid overtime wages.

18.

During the course of her employment, Ms. Dethlefs worked in excess of forty hours in a workweek.

A.  Between January 24, 2023 and April 30, 2023, Ms. Dethlefs worked 103.5 hours in

Page 4 -  **COMPLAINT**

excess of 40 hours in a workweek at $15.00 per hour. Defendants should have paid her the overtime rate of $22.50 an hour for these hours.

B.  Between May 1, 2023 and March 31, 2024, Ms. Dethlefs worked 108 hours in excess of 40 hours in a workweek at $16.00 per hour. Defendants should have paid her the overtime rate of $24.00 an hour for these hours.

C.  Between April 1, 2024 and September 5, 2024, Ms. Dethlefs worked 14.35 hours in excess of 40 hours in a workweek at $17.00 per hour. Defendants should have paid her the overtime rate of $25.50 an hour.

19.

Defendants failed to pay Plaintiff one and one-half times the regular wage rate for hours worked in excess of forty in a work week in violation of ORS 653.261 and OAR 839-020-0030.

20.

Ms. Dethlefs is entitled to her unpaid overtime wages pursuant to ORS 653.055 in the amount of $1,762.25.

21.

Ms. Dethlefs was required to obtain the services of an attorney and is entitled to recover reasonable attorney fees and costs pursuant to ORS 652.200(2) and ORS 653.055.

## SECOND CLAIM FOR RELIEF
### (Fair Labor Standards Act - Overtime 29 U.S.C. § 207)

Ms. Dethlefs re-alleges and incorporate all previous paragraphs as if fully stated herein.

22.

At all relevant times, Defendants was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce.

///

Page 5 -  **COMPLAINT**

23.

Defendants violated 29 USC § 207(a)(1) by failing to pay Ms. Dethlefs one and one-half times the regular wage rate for hours worked in excess of forty in a work week.

A.  Between January 24, 2022 and June 30, 2022 Ms. Dethlefs worked 68 hours in excess of 40 hours in a workweek at $14.00 per hour. Defendants should have paid her at the overtime rate of $21.00 an hour.

B. Between July 1, 2022 and April 30, 2023, Ms. Dethlefs worked 178 hours in excess of 40 hours in a workweek at $15.00 per hour. Defendants should have paid her at the overtime rate of $22.50 an hour.

C. Between May 1, 2023 and March 31, 2024, Ms. Dethlefs worked 108 hours in excess of 40 hours in a workweek at $16.00 per hour. Defendants should have paid her at the overtime rate of $24.00 an hour.

D. Between April 1, 2024 and September 5, 2024, Ms. Dethlefs worked 14.35 hours in excess of 40 hours in a workweek at $17.00 per hour. Defendants should have paid her at the overtime rate of $25.50 an hour.

24.

Ms. Dethlefs is owed her unpaid overtime wages pursuant to 29 USC 207.

25.

Specifically, Ms. Dethlefs is owed $2,797 in overtime wages.

26.

In addition to her unpaid overtime wages, Ms. Dethlefs is entitled to an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

///

Page 6 -  **COMPLAINT**

27.

Defendants' failure to pay Ms. Dethlefs the required wage was willful. Defendants acted knowingly, willfully, or with reckless disregard that their conduct was prohibited, as evidenced by Employer's falsified paystubs, which deliberately excluded the overtime hours to be paid in cash.

28.

Defendants' willful violation of the FLSA entitles Ms. Dethlefs to recovery of her unpaid overtime wages for the three-year period prior to filing this lawsuit, an equal amount as liquidated damages, and reasonable attorneys' fees and costs of the action pursuant to 29 US C 255 *et seq.* and United States Department of Labor regulations.

29.

Ms. Dethlefs was required to obtain the services of an attorney and is entitled to recover attorney fees and costs pursuant to 29 USC 216(b).

**THIRD CLAIM FOR RELIEF**
**(Breach of Contract)**

30.

Ms. Dethlefs incorporates and re-alleges the paragraphs above.

31.

Throughout the course of Ms. Dethlefs' employment, Defendants deducted 30 minutes from Ms. Dethlefs' daily pay for a lunch break that she did not receive.

32.

Defendants offered Ms. Dethlefs work performing office-management labor at hourly rates between $12.00 and $17.00 per hour.

///

33.

Ms. Dethlefs accepted Defendants' job offer.

34.

During the course of her employment, Defendants required Ms. Dethlefs to work over the lunch break.

35.

Ms. Dethlefs performed work during the lunch break as directed by Defendants.

36.

Nevertheless, Defendants subtracted 30 minutes for every shift over six hours from Ms. Dethlefs' total hours for the lunch break she did not receive.

37.

Ms. Dethlefs worked approximately 5,000 hours between January 1, 2022 and December 19, 2024.

A. Between January 24, 2019 and May 31, 2019, Ms. Dethlefs worked approximately 500 hours at $12 per hour for Defendants. She was not paid for 21 hours of work due to Defendant's deductions.

B. Between June 1, 2019 and May 31, 2020, Ms. Dethlefs worked approximately 900 hours at $12.50 per hour for Defendants. She was not paid for 47 hours of work due to Defendant's deductions.

C. Between June 1, 2020 and May 31, 2021, Ms. Dethlefs worked approximately 1200 hours at $13.25 per hour for Defendants. She was not paid for 56 hours of work due to Defendant's deductions.

D. Between June 1, 2021 and January 15, 2022, Ms. Dethlefs worked approximately 1800

hours at $14 per hour for Defendants. She was not paid for 38 hours of work due to Defendant's deductions.

E.  Between January 24, 2022 and June 30, 2022, Ms. Dethlefs worked approximately 860 hours at $14 per hour for Defendants. She was not paid for 91 hours of work, including overtime hours.

F.  Between July 1, 2022 and April 30, 2023, Ms. Dethlefs worked approximately 1725 hours at $15 per hour for Defendants. She was not paid for 234 hours of work, including overtime hours.

G.  Between May 1, 2023 and March 31, 2024, Ms. Dethlefs worked approximately 1668 hours at $16 per hour for Defendants. She was not paid for 164 hours of work, including overtime hours.

H.  Between April 1, 2024 and September 5, 2024, Ms. Dethlefs worked approximately 747 hours at $17 per hour for Defendants. She was not paid for 34.5 hours of work, including overtime hours.

38.

Defendants failed to pay Ms. Dethlefs for approximately 685.5 hours of work, including overtime hours and illegally deducted lunch breaks.

39.

Defendants breached their contract with Plaintiff when they failed to pay Ms. Dethlefs for work performed.

40.

Specifically, Ms. Dethlefs has $10,108 in unpaid wages as damages for Defendants' breach of contract.

///

Page 9 -  **COMPLAINT**

41.

Ms. Dethlefs was required to obtain the services of an attorney and is entitled to recover reasonable attorney fees and costs pursuant to.

**FOURTH CLAIM FOR RELIEF**

**(Failure to Pay Wages on Termination: ORS 652.140)**

42.

Ms. Dethlefs incorporates and re-alleges the paragraphs above.

43.

At all times material to this claim, Ms. Dethlefs was an employee within the meaning of ORS 652.140.

44.

Ms. Dethlefs's employment with Defendants terminated on or about September 5, 2024.

45.

Through counsel, Ms. Dethlefs made a written demand for all wages owed on October 24, 2024 pursuant to ORS 652.150(2), demanding full payment of her unpaid wages.

46.

To date, Defendants did not pay wages in response to the letters referenced above.

47.

To date, Ms. Dethlefs has not received all the wages due and owing to her by Defendants.

48.

Defendants violated ORS 652.140 and OAR 839-001-0420 by failing to pay Ms. Dethlefs her unpaid wages when due upon termination of her employment.

49.

Ms. Dethlefs is entitled to her statutory penalty wages in the amount of $4,080 pursuant to

ORS 652.150.

50.

Ms. Dethlefs is entitled to reasonable attorney fees under ORS 652.200(2).

**FIFTH CLAIM FOR RELIEF**

**(Fraudulent Filing of Information Returns: 26 U.S.C. § 7434)**

51.

Ms. Dethlefs re-alleges and incorporates the paragraphs above.

52.

Defendants falsely, willfully and fraudulently reported information to the Internal Revenue

Service.

53.

Specifically, Defendants issued IRS form W-2s to Ms. Dethlefs that misrepresented the

amount of income that she earned and was paid in the relevant tax year. Defendant J & H

Enterprises issued fraudulent IRS form W-2s to Ms. Dethlefs for tax years 2018, 2019, and 2020.

54.

Defendant Grande Events, LLC issued fraudulent IRS form W-2s to Ms. Dethlefs for tax

years 2021, 2022, and 2023.

55.

Defendant Lindo Michoacan LLC issued fraudulent IRS form W-2s to Ms. Dethlefs for

tax year 2024.

56.

Defendants are liable to Ms. Dethlefs for damages in the sum of $5,000 for each fraudulent

information form it issued her, pursuant to 26 U.S.C. 7434(b).

57.

Dayna Dethlefs is entitled to damages in the amount of $35,000, pursuant to 26 U.S.C. 7434(c)(1).

**PRAYER**

WHEREFORE, Ms. Dethlefs respectfully requests that the court grant her the following relief:

1. On her First Claim for Relief (ORS 653.261), Ms. Dethlefs's unpaid overtime wages of $1,762.25 plus statutory damages of thirty days' wages pursuant to ORS 653.055 and ORS 652.150;

2. On her Second Claim for Relief (FLSA), Ms. Dethlefs' unpaid overtime wages in the amount of $2,797 pursuant to 29 USC 207, plus liquidated damages in the amount of $2,797 pursuant to 29 USC 216(b);

3. On her Third Claim for Relief, a judgment against Defendants for breaching their contract with Plaintiff, resulting in unpaid wages of $10,108.

4. On her Fourth Claim for Relief (ORS 652.140), $4,080 to Ms. Dethlefs for Defendants' failure to pay wages on time upon termination;

5. On her Fifth Claim for Relief (26 U.S.C. § 7434), $35,000 to Ms. Dethlefs for Defendants' filing of fraudulent information forms with the Internal Revenue Service.

6. Ms. Dethlefs's costs, disbursements, and reasonable attorney fees;

7. Such other legal and equitable relief as the court deems just and proper.

///

///

Page 12 - **COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which she has a right to a jury trial.

RESPECTFULLY SUBMITTED this 20th day of February, 2025.

s/Che Orion
Che Orion, OSB #205957
(503) 676-5415
Of Attorneys for Plaintiff
